**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| TANYA J. MCCLOSKEY, ACTING CONSUMER ADVOCATE, | : | No. 587 MAL 2019 |
| | : | |
| Respondent | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| | : | |
| | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 7th day of April, 2020, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner, are:

(1) Does the manner in which the Commonwealth Court ignored and omitted relevant portions of the statutory definition of "rate," set forth in Section 102 of the Public Utility Code, conflict with the holding of the Pennsylvania Supreme Court that states: if the General Assembly defines words that are used in a statute, those definitions are binding?

(2) Did the Commonwealth Court depart from accepted judicial practices and commit an error of law by not abiding by the rules of statutory construction when it determined that Section 1301.1 of the Public Utility Code, which is a general utility ratemaking statutory provision that eliminated the consolidated tax adjustment from the income tax adjustment computation methodology that is to be used when setting utility base rates, has superseded or repealed Section 1357 of the Public Utility Code, which is a special utility ratemaking statutory provision that explicitly outlines the computation method for calculating the rates for distributed system improvement charge mechanisms?

(3)     Did the Commonwealth Court nullify the General Assembly's purpose and intent for enacting alternate ratemaking mechanisms that allow for a simpler and more streamlined ratemaking approach so that jurisdictional public utilities can adjust their rates to recover specific and discrete kinds of costs outside the general rate case?

(4)     Did the Commonwealth Court abuse its discretion by not giving deference to the Pennsylvania Public Utility Commission's interpretation of utility law and expertise regarding utility ratemaking and holding that the statutory language of subsection 1301.1(a) of the Public Utility Code was unambiguous and that it was not legally permissible and reasonable to consider matters other than the statutory language in ascertaining the General Assembly's intent for enacting the statutory provision?

The Prothonotary is **DIRECTED** to consolidate this matter with the appeals at 585 MAL 2019 and 586 MAL 2019 for oral argument and disposition.